## No. 513

No. 19570—City of Findlay, Ohio, et v. Associated Investment Company. Error to the Court of Appeals of Hancock County.

### 787. MORTGAGES.

Where Vehicle, because of transporting intoxicating liquors, is to be sold, the mortgagee can collect his lien according to priority, out of proceeds of sale.

### 1063. SALES.

A sale under 6212-43 GC. regular except for public notice, is constructively fraudulent and void.

ALLEN, J.

1. Under Section 6212-43, General Code, when a vehicle which has been used for the transportation of intoxicating liquors in violation of law has been seized and sold at public auction, the mortgagee of such vehicle may establish his lien by intervention or otherwise at the hearing or in other proceedings for said purpose, and may collect his lien according to its priority out of the funds realized upon the sale.

2. A sale of a vehicle under Section 6212-43, General Code, which is otherwise regular, but of which no public notice is given, is constructively fraudulent and void.

Judgment modified and affrmed.

Marshall, C. J., Matthias, Day and Robinson, JJ., concur. Jones and Kinkade, JJ., concur in proposition 2 of the syllabus and in the judgment.

## No. 514

No. 19554—Everman v. Ray Shipman Co. Error to the Court of Appeals of Butler county.

### 313. CORPORATIONS.

When corporate power is cancelled; under 5509 GC., mechanic's liens and mortgages entered into thereafter are not void and are entitled to payment according to priority.

MARSHALL, C. J.

A corporation organized under Ohio laws and resident of this state on February 15th, 1924, had been in default for period of more than ninety days for annual report and payment of franchise tax, and on that date the secretary of state by virtue of section 5509. General Code, cancelled its articles of incorporation by entry upon the margin of the record thereof in his office and immediately notified the corporation of the action taken by him.

On that date the corporation was indebted to certain persons upon contracts executed prior thereto, and after that date and within a period of two years thereafter and before reinstatement of said corporation under section 5511 General Code, said corporation entered into contracts for labor and materials which entered into buildings upon real estate of said corporation and executed mortgages in favor of persons lending money to said corporation.

Held: That the transactions of the corporation after February 15, 1924, were not void and that mechanics' liens obtained for labor and material thereafter furnished and mortgages upon real estate executed by said corporation thereafter are valid liens and entitled to payment prior to the claims of general creditors existing before February 15, 1924.

Judgment affirmed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

## No. 515

No. 19769—Alexander Baxter and Charlotte Baxter v. May E. Van Houter, Auditor of Trumbull County, et al. Error to the Court of Appeals of Trumbull County.

### 1159. TAXES AND ASSESSMENTS.

Where made to erect sanitary sewer, under 6602-1 to 23 GC. a taxpayer who is over assessed may apply for injunction under 12075 GC. without exhausting statutory remedies.

ALLEN, J.

Under Sections 6602-1 6602-23, General Code, where a special assessment for a sanitary sewer is made after the improvement is completed, a taxpayer whose real property is assessed in excess of the value of the property as improved may apply for injunction under Section 12075, General Code, without first exhausting his statutory remedies.

Judgment reversed.

Marshall, C. J., Kinkade and Robinson, JJ., concur.